Welcome to the Fifth Circuit. This is the third day of our sitting, and we will have two oral arguments on our calendar on our docket today. I assume the lawyers are familiar with our system, but it's fairly straightforward. The yellow light goes on when your time is dwindling. When the red light comes on, please wrap up your thought, and if you've saved time for rebuttal, you'll have that. That said, we'll call the first case. Number 21-11135, United States of America v. Eric Grzywinski. Mr. Page. May it please the Court. Good morning. Your Honors, Section 2251e reserves sentences in excess of 30 years to those defendants who have been convicted under, among other laws, not directly at issue here, state laws relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward. By using this last phrase, which is the one chiefly at issue here, abusive sexual contact involving a minor or ward, Congress evinced an intent to capture only a subset of those offenses that the unanimous opinion of the Supreme Court in Esquivel-Quintana tells us which subset. Abusive sexual contact with a minor or ward, in the term's generic sense, refers when the offense hinges on the ages of the participants to contact in which one of the participants is 15 or younger. Because Mr. Grzywinski's prior offenses, and I use offenses in the way that Mathis uses the term, have ages of consent of 17, they are categorically broader than the generic offense and therefore do not qualify. Mr. Grzywinski received a sentence of 45 years, which is 15 years in excess of what I contend is the proper maximum. The government's fine briefing in this case searches for areas of doubt to introduce into this equation, but its arguments about why an 18-year or 17-year-old age of consent will suffice all suffer from the same flaw. They read the term abusive out of the statute and capture all sexual contact with minors. I thought the principal argument was about the definition of minor in the statute. Is that not right? The government's principal argument? Yes, yes. That is one of its arguments, and that demonstrates... I'm sure you'll address that, but my ears just perked up because what's the argument about abusive that you're making? The argument that I'm making about abusive is that in the context of statutory rape offenses, Esquivel-Quintana defines abusive contact as that which involves a participant under 15. So even if the government is correct to import the definition of minor from 2256, it doesn't show that the statute at issue here criminalizes abusive sexual contact with minors, only sexual contact with minors. We need Esquivel-Quintana to give a gloss, to help us have a definition of the term abusive, which is another way of saying that the term minor in 2256 defines the wrong term. The correct term, the relevant term here is the entire phrase, abusive sexual contact with a minor. The reason that we need a definition of that entire phrase is that it has a parallel structure with two other... In the grammar of the provision, it is parallel to other provisions like other terms like abuse, aggravated sexual abuse and sexual abuse that have concededly under Esquivel-Quintana, if nothing else, an integrated holistic definition that can't be denied. Just to move to the... But, I mean, you do concede that this, or maybe you don't, that Esquivel-Quintana was interpreting a statute that doesn't have a definition of minor. Is that right? That's right. It was. Now, I would point out that there has been extensive cross-pollination, mutual citation between Chapter 110 offenses, Chapter 109 offenses, and the phrase sexual abuse of a minor. You'll notice that Esquivel-Quintana refers to Chapter 110 offenses, and Hubbard goes and refers to sexual abuse of a minor offenses. So, it's been the practice of both this Court and the Supreme Court to recognize some relationship between those offenses, and we can't sever that relationship now simply because the Supreme Court has given us a more narrow definition of the term sexual abuse of a minor than we used to apply under Zavala-Sustaita. Counsel, can we take a timeout real quick and back up? We're here on plain error review. Is that right? Is there some type of authority that would lend itself to us finding plain error? Your argument is one that's very cohesive, and you're presenting it in a very understandable fashion, but is there something that, what is your best case that the district judge should have known and yet committed plain error on the point that you're making? The best case I have on that is Esquivel-Quintana when combined with the plain text of the statute, which plainly captures only a subset of the term sexual contact with a minor. That's what I have for you on that. Now, the premise of that, one premise of that is that our unpublished decision in Bennett is incorrect, and we shouldn't follow it? That's correct. I do submit that you should not follow it. I will point out that Bennett was also on plain error, so bear with me here. It is a second-pronged decision. It says there is no clear or obvious error, and so we would have to disagree with it insofar as that, but it doesn't offer, I submit, an answer to the first question, and so therefore its existence doesn't affect the clarity of the law on the first point. We would have to disagree with it on the second point, but it's not a holding on the first. To address the government's argument about the term relating to, this suffers, I think, from the same problem in that it essentially provides no reason that Congress would have used the term abusive sexual contact with a minor rather than simply sexual contact with a minor, since certainly all abusive sexual contact with a minor stands in some loose relation to sexual contact with a minor. It also aggravates a number of other problems of surplusage in the statute. If mere loose similarity were sufficient to be relating to, we're left to wonder why it's necessary to list both sexual abuse and abusive sexual contact with a minor. Surely the latter relates to, stands in some relation to the former, or indeed why it's necessary to list anything other than sexual abuse. Aggravated sexual abuse, sex trafficking, the visual depiction offenses, all of those would meet the government's test for standing in some relation. It also would render irrelevant Congress's decision to distinguish between abusive sexual contact in 2252. Why would we need to have a narrower word, contact, rather than conduct in 2251 if we're essentially opening the barn door? And a second problem is that it doesn't, the government's standard is essentially anything standing in some loose relation that doesn't provide anything close to the notice that we would expect of a statute that triggers a 25-year mandatory minimum and a 50-year maximum. The government offers no metric by which anybody could tell whether their offense is close enough to the core. And in a significant number of cases that are not at issue here, but this is a constitutional problem that the court can avoid with my interpretation of the statute, it would be unconstitutionally vague or unpredictable, voyeurism offenses, SORNA, even regular ordinary non-sexual assault. We just went through seven or some years of litigation based on a statute that did not provide predictable notice because of the way it was interpreted. Let's not do that again. The way out of these problems, and one perfectly consistent with Hubbard, cited by the government, and the definition in Morales that's provided, is to focus on, use an alternative part of that definition, the one that is referring to or pertains to. If we say that relating to means referring to the listed offenses, then what we're saying is that when you define the offense, when you define the state offense at issue, if you cannot do so without referring to the elements of the generic offenses, then it qualifies because it relates to, it refers to those offenses. That would essentially capture inchoate offenses. It would be all of the generic offenses plus their inchoate versions because those can't be stated without referring to the elements of the generic offenses. Then we would have a clear, predictable relationship between the state offenses at issue and the generic offenses that are listed in 2251E. That would solve both the problem of notice and many of the problems of surplusage. Let's suppose we agree with you on these points that you've made already. Do you still have to then get to whether the statute is divisible, the Texas statute is divisible? You do. I just wanted to make sure you got that. Sure. So the Shepard documents in this case, and I concede that they were properly brought before the court here, do show that the defendant was charged with an offense where the victim was under 14. The defendants, an age under 14 is not an element of the offense in the way that Mathis uses the term because at least four cases that are in either the briefing or cited by the cases in the briefing, which is Vick, Moreno, and then cited by other cases, Jordan with a U, and Gonzales, all say that the gravamon of the aggravated sexual assault case is the specific bodily act, the sort of graphic description of the ways that the body interacts during a sexual assault that are in the little Roman numerals of A1A. And those, because those are the gravamon, when we combine those with the Texas cases about the eighth grade grammar test, those show that a jury would not have to be unanimous about any fact, any alternative other than that in order to achieve conviction. So the aggravate, as in Lerma, the aggravating, well, not as in Lerma, as in the opposite of Lerma, but the aggravating provisions of that, those alternatives are mere manners and means, and under settled Texas law, the gravamon of the offense is what defines what we would say in federal prosecution is the unit of prosecution for the purposes of double jeopardy and jury unanimity. Thank you. Mr. Niedermeier. Thank you, Judge Duncan. May it please the Court, Ryan Niedermeier for the United States. The district court did not err, plainly or otherwise, in enhancing the appellant's sentence under section 2251E because his prior Texas conviction for aggravated sexual assault of a child under 14 is an offense that relates to abusive sexual contact involving a minor. And despite the appellant's assertion otherwise, Esquivel-Quintana did nothing to abrogate this court's well-held generic definition of sexual abuse. And all it did was define the generic term minor for non-Chapter 110 offenses in the sentencing guidelines. And so because of that, there was no error, period, for the appellant's sentence to be enhanced. And if this court were to even find that there was error, that error was not clear or obvious because it would have required that the district court extend precedent to a matter of first impression, which cannot constitute clear and obvious error. And further, the appellant's substantial rights were not affected because, again, even if Esquivel-Quintana somehow changed this court's entire definition of sexual abuse of a minor, his statute of offense is divisible. And so the court can look at the Shepard documents and see that he did commit an offense against a child under 14. If you could respond. So on the first point that counsel, for the defendant, made, do we need to get into what does relating to mean in 2251E? No, this court does not, Your Honor, and simply because Hubbard and the six other circuits that have addressed this question do a great job of explaining what that term relating to means. And the way that I read Hubbard and the way that the other circuits have explained that phrase, too, is that by using the phrase relating to, Congress was saying these offenses are generic crimes. They don't have to meet the federal definition of sexual abuse of a minor, such as that in 2243. Instead, that phrase relating to allows this court to use its own generic definition of the phrase sexual abuse of a minor when looking to see if the underlying offense is a categorical match. In this court's definition of sexual abuse of a minor, and that's in Najeera, Najeera, Savala, Sustaita, and specifically Shroff, which is a post-Escobar-Quintana case, the definition of sexual abuse of a minor is conduct that involves a child, is sexual in nature, and is abusive. And again, in Shroff, this court recognized that Escobar-Quintana did not change that definition. This court specifically said that the government is correct, that Escobar-Quintana did not rule broadly on the generic definition of sexual abuse of a minor. And it went on to explain that what the court did in Escobar-Quintana was define the generic term minor when that phrase is not defined by statute. So here, we do have minor defined. So all we have to do is ask whether or not the appellant's offense involved a person under 18, because that's the statutory definition of a child in this case, whether it was sexual in nature and whether it was abusive. And even the appellant's least culpable means argument, that of a 16-year-old being aggravatedly sexually assaulted by someone with HIV, where the defendant's HIV status is a deadly weapon, even that would clearly fit into this generic definition of a minor where minor is statutorily defined as someone under 18. And this court not only recognized that minor is statutorily defined in Bennett, but the Fourth Circuit has agreed with that as well. The Fourth Circuit has also looked at Escobar-Quintana in a case called Hardin, which is in the briefs, and recognized that Escobar-Quintana, again, did not change the generic definition of sexual abuse of a minor. And importantly here, too, this was raised in the appellant's brief, abuse does not have to involve any sort of actual force. This court has time and time again recognized that abuse does involve psychological harm to the minor. So just because the 16-year-old and the defendant's hypothetical could have assented to the contact, that doesn't matter. And as a matter of fact, it flies in the face of Escobar-Quintana, which was dealing with statutory rape offenses, which by definition don't involve forcible compulsion, or at least don't require forcible compulsion. So because of that, there was no error, period, in the district court enhancing the appellant's sentence. And even if there was error, again, it's not clear and obvious. It's not clear and obvious that the defendant was dealing with statutory rape offenses and defining the term minor. In all of the cases that the appellant cites from this court following Escobar-Quintana, they all deal with non-Chapter 110 offenses and with the sentencing guidelines, where the term minor is not defined. So to get to appellant's argument, the district court would have had to ignore this court's holding in Stinnett, which was also post-Escobar-Quintana, and held that Texas indecency of a child was categorically a sexual abuse of a minor under 2252. It would have had to ignore this court's precedent. But then also, on its own, without any help from the defense, go and look at Escobar-Quintana and say, this case that has nothing to do with the statute that we're applying here somehow completely obligates this court's generic definition of sexual abuse. And so, even if we get to that point, even if we get that any error was plain or obvious, the appellant's substantial rights weren't affected. And that's for two reasons. One, Texas section 22.021, the statute that we're talking about, is divisible. And Judge Duncan asked the appellant this, and I will go ahead and dive into divisibility if it's okay with the court. This court doesn't have to wholesale by itself decide that the statute is divisible. The Ninth and the Tenth Circuit have both looked at this and said that it was divisible. And as a matter of fact, the Ninth Circuit cited the very case that the appellant cites, Moreno, as saying that this statute is divisible. And that's because the statute has a mens rea element, a physical element, and an age requirement. Vic has recognized, the Texas Court of Criminal Appeals in Vic, recognized that the legislature intended that each separately described conduct in this statute constitute a separate statutory offense. And so, because the statute is divisible, the court can look at the Shepard documents, and the court can see that the defendant was convicted of sexually, of assaulting a child under 14. And so, even if Esquivel-Quintana's definition of sexual abuse of a minor applies, we still don't have a problem. Because the abuse was against a child under the age of 14, which would even match Esquivel-Quintana. And finally, there's a second independent reason why the defendant's substantial rights weren't violated, and that's because both Bennett and Stinnett say that there's a Texas indecency with a child, either by exposure or by contact, or proper predicates to enhance the defendant's sentence under either 2251E, which is Bennett, or 2252AB2, which is Stinnett. And this defendant, Garwinski, has two prior convictions for indecency with a child by exposure, and one prior conviction for indecency with a child by contact. And all three of those offenses are also in the supplemental record and Shepard documents that were submitted to the court. So in sum, Your Honors, there was no error here, plain or otherwise. To have met the appellant's position, the district court would have had to, with sua sponte, just ignore this court's case law. It would have had to extend Esquivel-Quintana to a matter of first impression. And even if it were supposed to do that, the defendant's rights weren't substantially violated. And because of that, the court should affirm the sentence. And unless the court has any more questions, I'll cede the remainder of my time. Thank you, Counsel. Mr. Page, you have some time for rebuttal. May it please the Court. I just want to speak to a few of the cases that my friend cited. Harden, the Fourth Circuit case that he cites, I want to commend the Court to the dissent in that case, which recognizes that there is a circuit split on the issue of whether, you know, whether or not the district court is willing to accept statutory rape offenses with an age of consent of older than 16, constitute abuse of sexual contact. It recognizes a Ninth Circuit case called Jaycox. Obviously, it would be more plain. My position would be better if it were uniform outside of the circuits. But it is not as though my position does not enjoy any support within the circuits. And I submit that it is plain when you go back to First Principles, which is the binding Supreme Court case in Esquivel-Quintana, and the text of the statute. Stinnett and Bennett, those are both cases where it appears that the defendant conceded the point and raised it as foreclosed. So it would be difficult to see how those could be, offer much analysis or much discussion or much persuasive support in a contested case. Finally, the government cites the Ninth and Tenth Circuit cases on divisibility, Matin and Madrid. Madrid was from the Descomp era, in which it was sufficient for a statute to be divisible that it had any disjunctive subsections or any disjunctive parts. Mathis requires something more. So Madrid does not really deal with the issue that we have here. Matin, as my adversary today points out, cites the part of Moreno that says that independent offenses are created by independent specifications of conduct. And the part that it's referring to there is the conduct that is specified in A1A, which are the graphic depictions of the body interacting with another body. That is what defines a separate offense under Texas law, under aggravated sexual assault, that's clear from all of the cases before the court that deal with jury unanimity or double jeopardy. Other cases cited by the government, Reed, Pierce, et cetera, those are using capitalized or casual, those are casually using the word element in the case. As Harold points out, state courts use the word element or means in a myriad of ways, not all of which are relevant. If I understand your argument under 22.021, the A1A and B are those elements, but the A2 are not elements? Those are not elements. Those are alternative manners and means because they are not the gravamen of the offense as those cases state. Thank you. Thank you for a well-argued case. We will take the matter under submission.